MICHAEL FAY, Plaintiff, *against* HENRY MUHLKER, Defendant.

[SPECIAL TERM].

(Decided December 7th, 1885).

Pending the trial of an action before a referee, plaintiff, upon leave granted, served an amended complaint, to which defendant demurred, and the issue of law arising thereupon was referred to the same referee. After hearing upon the demurrer, the referee reported that the demurrer should be overruled, and directed judgment for plaintiff, with leave to defendant to answer on payment of the costs of the action. *Held*, that the costs so required to be paid did not include an allowance under sections 3252, 3253 of the Code of Civil Procedure, as the judgment on the report was not a final judgment; and that only costs accrued since the filing of the complaint were included, and not costs arising under the former pleading.

The time for which fees are to be allowed to a referee upon the trial of an issue of law, as time " spent in the business of the reference," under section 3296 of the Code of Civil Procedure, is a reasonable time for the examination of the questions of law submitted to him, to be determined by the nature of the case or the questions he had to pass upon.

MOTION for new taxation of costs.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—The judgment to be entered upon the report of the referee is an interlocutory one, for a final judgment cannot be entered until after there has been a failure to comply with the condition upon which the plaintiff was allowed to answer (*Lieyeois* v. *McCrackan*, 22 Hun 69), and if the condition is complied with there will be no such judgment. The allowance, therefore, provided for by sections 3252, 3253, can form no part of the costs of the action required by the referee to be paid; for by the Code it is given to the plaintiff, " if a final judgment is rendered in his favor," and there is no final judgment yet, and as I have said, there can be no such final judgment as the referee has provided for, if the condition he imposed is complied with.

" Costs of the action " necessarily means costs that have accrued since the filing of the amended complaint, and do not include costs under the former pleading, for I take it for granted that the referee did not mean, in relieving the defendant from the demurrer to the amended complaint, to impose upon him costs arising under the former pleadings, which the plaintiff had abandoned by the amendment of his complaint, which amendment disposed of the defendant's former answer, and compelled him to plead anew.

The costs upon the new issues created by the last amendment of the complaint are, for all proceedings from the filing of that amended complaint and before notice of trial, $25, and for all proceedings after notice of trial and before trial, $15. No notice of trial or of argument was given by either party, and this $15, therefore, was erroneously taxed. The imposition of costs of the action upon overruling a demurrer and allowing the defendant to answer over, is onerous and seldom imposed. The condition imposed, therefore, in this case, will be strictly construed.

The $10 for two days necessarily occupied upon the trial of the issue was erroneously taxed. The provision allowing this in section 3251 relates solely to the trial of issues of fact, and this was an issue of law, the argument or trial

of which, moreover, occupied, according to the affidavit, only an afternoon session.

The referee's charge is excessive.   What he had to determine upon the demurrer appears by his opinion, and could not require much investigation, or involve much deliberation.   He says that after the demurrer was argued, he "necessarily spent at least twelve days in the business of the reference, in the examination of the brief, and the questions of law raised by the demurrer, and two days in the preparation of his report."   If he did, he cannot expect the litigants to pay him for it.   He can only be allowed a reasonable time for the examination of the questions of law submitted to him ; for if this were not so, it would be in the power of a referee to prolong his investigation or deliberation to any length of time to enhance his own compensation.   What would be a reasonable time is to be determined by the nature of the case or the questions the referee had to pass upon.

So far as I can judge from the referee's opinion here, for the pleadings are not before me, there were only two questions arising upon the face of the pleadings, and they did not demand any investigation beyond the examination of the complaint, which could not have required much time for deliberation, for the first of them had already been decided in the case cited by the referee in his opinion, and the other, which I confess, I do not fully understand from his opinion, would seem, from what the referee says respecting it, to have cost him but little trouble.

In *Rothschild* v. *Warner* (4 Law Bull. 28), the referee claimed to have been engaged 24 days, but as there were but two sittings and three adjournments, Judge BARRETT allowed him for these and four days for the consideration of his report and the findings.   I will allow, in the present case, three days for the examination of the questions raised by the demurrer, and for making the report, which, in my judgment, is ample.

The payment of the referee's fees for the seven meetings or adjournments which took place before the referee, under

the former issue, which was abandoned by the plaintiff, form no part of the condition imposed upon the defendant upon being allowed to answer the subsequently amended complaint. During these meetings the plaintiff applied for the amendment of his complaint, which was allowed by the referee, and upon the defendant demurring, an order was entered referring the new issue thereby created to the same referee. It is the costs arising under this new issue that the defendant has to pay. It is for the plaintiff and not for the defendant to pay the fees of the referee for sittings or adjournments under an issue which became fruitless through the plaintiff's own act.

Order accordingly.