CHARLES H. MEAD et al., Respondents, *v.* WALTER C TUCKERMAN, Appellant.

Where the attorneys for the parties to an action stipulated that the com pensation of the referee therein should be a sum specified per day ' for every hearing," *held*, the referee was not entitled to charge for days on which appointments for a hearing had been made, but no hearing was in fact had, and no meeting or appearance before the referee, the hear-

ing having been postponed by agreement of the attorneys made prior to the times fixed by the referee, of which postponement the referee had notice.

(Submitted May 3, 1887; decided May 13, 1887.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made December 15, 1886, which affirmed an order of Special Term, denying a motion for a retaxation of the referee's fees herein.

The attorney for the parties stipulated in writing, during the progress of the reference, that the compensation of the referee should be " for every hearing heretofore had or hereafter to be had   *   *   *   the sum of $20 per day."

The facts material to the question presented are stated in the opinion.

*Prescott Hall Butler* for appellant. The referee was not entitled to compensation for days when no other proceeding was had before him, except the asking for and obtaining an adjournment. (*Schultz* v. *Whitney,* 17 How. Pr. 471 ; *Watson* v. *Gardiner,* 50 N. Y. 671 ; *Townsend* v. *Peyser,* 14 Abb. Pr. [N. S.] 324 ; *Brown* v. *Windmuller,* id. 359.)

*Frederick Seymour* for respondents. The parties having placed their own interpretation upon the stipulation, and the referee having acted upon it, they are bound thereby. (*Phila. R. R. Co.* v. *Trimble,* 10 Wall. 367 ; *Reading* v. *Gray,* 37 Supr. Ct. 79, 90 ; *Stokes* v. *Recknagle,* 38 id. 368.) Where parties have agreed to submit to a third person the decision of a question likely to arise under a contract or stipulation, one of the parties cannot, thereafter, withdraw from him the decision of the question and submit it to the determination of a legal tribunal. (*Smith* v. *Brady.* 17 N. Y. 173, 176 ; *McMahon* v. *N. Y. & E. R. R. Co.,* 20 id. 463 ; *Barton* v. *Herman,* 11 Abb. [N. S.] 378 ; *Weeks* v. *Little,* 47 Supr. Ct. 1, 30.)

*Per Curiam.* The question in this case turns upon the interpretation of that clause in the written stipulation of

the attorneys for the respective parties, which declares that the compensation of the referee shall be the sum of twenty dollars per day " for every hearing." The fees in controversy relate to the charge made by the referee for thirty-nine days on which appointments for a hearing had been made at the request of counsel, but where no hearing in fact was had and no meeting or appearance before the referee. The failure to appear on the several days so appointed was due to the fact that by arrangement between the respective counsel, made prior to the times fixed by the referee, the hearing was postponed, of which postponement the referee was notified. The postponements were made, in most cases, at the request and for the accommodation of the counsel for the defendant. The reference continued during the period of two years or more, and the referee charged fees for 114 days at the stipulated rate per day, amounting, in the aggregate, to $2,280.

We are of opinion that the charge for the days on which there was no hearing and no appearance, was unauthorized. The compensensation of referees is fixed by statute at six dollars " for each day spent in the business of the reference," unless a different rate of compensation is fixed by the consent of the parties, manifested by an entry in the minutes of the referee, or otherwise in writing, or a smaller compensation is fixed by the court or judge in the order of reference (Code, § 3296.) In this case there was no entry in the minutes on the subject, and the right to fees beyond the statutory rate depends solely upon the written stipulation. It is impossible, we think, to extend the meaning of the words " every hearing " in the stipulation so as to include days appointed for a hearing, but on which no hearing in fact was had, and when in advance of the time appointed the parties, by arrangement, had agreed upon a postponement, and, in pursuance thereof, had omitted to appear before the referee. It might have been proper to have provided for this contingency in the stipulation. But the stipulation is silent on the subject and we cannot, in face of the statute, give any force to the alleged oral agreement or understanding between the counsel and the

referee that the word " hearing " should be deemed to include appointments of hearing. The word " hearing " is unambiguous, and to give effect to the oral evidence would be adding a material term to the stipulation, contrary to settled rules of evidence. The statute is founded in a just policy. When counsel undertake to fix the rate of compensation by agreement, it is but just that their intention should be manifested in such a formal and authentic manner as to leave no doubt.

The orders of the Special and General Terms should be reversed, and an order entered for re-taxation in respect to the items mentioned.

All concur.

Ordered accordingly.