(24 Misc. Rep. 367.)

FINKEL et al. v. KOHN et al.

.(Supreme Court, Special Term, New York County. July, 1898.)

1. REFERENCE—COMPENSATION OF REFEREE.
    Under Code Civ. Proc. § 3296, entitling a referee to "ten dollars for each day spent in the business of the reference," a referee is not entitled to compensation for examining testimony and exhibits in addition to that received for general study of the case, nor for more than a reasonable time in reaching a conclusion, nor for adjournments, when nothing was done in the case.

2. SAME.
    Ten days is a reasonable time for a referee to master an action for specific performance, where the testimony consists of but 150 typewritten pages.

3. SAME.
    In an action for specific performance, wherein the testimony occupied but 150 pages, and the referee was allowed compensation for 10 days in reaching his conclusion, he would not be allowed a further charge for 9 days in preparing his report and opinion, 5 days being sufficient therefor.

Action by Abraham Charles Finkel and others against Arnold Kohn and others. Motion for retaxation of costs. Granted.

Simon Sultan, for the motion.

Benjamin N. Cardozo and Alfred Lyons, opposed.

PRYOR, J. An excess of $30 in the stenographer's charge and $15 in the referee's fees is conceded. But the bill must be reduced by other deductions. No charge is allowable for examining testimony and exhibits in addition to compensation for general study of the case. Jones v. Newton (Sup.) 11 N. Y. Supp. 510. The charge for the five adjournments is inadmissible. Watson v. Gardiner, 50 N. Y. 671; Meads v. Tuckerman, 8 N. Y. St. Rep. 182; Id., 105 N. Y. 557, 12 N. E. 64.

A charge of $10 a day is made for the 17 days on which the referee was engaged in the determination of the case. But he is to be accorded only a reasonable time in his quest after a conclusion; else "it would be in the power of a referee to prolong his investigation or deliberation to any length of time, to enhance his own compensation." Fay v. Muhlker, 13 Daly, 316. I am of opinion that the referee should have mastered the case within 10 days. The action is for specific performance, and the testimony but 150 typewritten pages. A full charge is made for 9 different days during which the referee was engaged in preparing his opinion and report. Having already charged for the time consumed in the consideration of the law and the evidence, and in reaching a conclusion, I should suppose $90, for the mere preparation of report and opinion, to be quite an extravagant estimate. These documents might surely have been completed in 5 days. It should be added that probably in some instances a full charge is made for a fraction of a day. Upon the whole, I conclude that $190 referee's fee, and $100 for the stenographer, is a fair and adequate allowance. Undoubtedly, a referee is not to be urged to a precipitate and perfunctory decision. Neither, on the other hand, should parties be oppressed by excessive exactions for a dawdling and dilatory disposition of the case. A referee is entitled to "ten dollars for each day spent in the business of the reference" (Code, § 3296; Laws 1896, c. 90); but this means necessarily so spent; otherwise there would be no limit to the amount of his compensation. If the system of references is to escape public execration, there must be some proportion between the work and the reward of a referee. Should he desire more than the law allows, he has but to procure a stipulation or decline the reference.

Motion granted.