### MORGENTHALER v. CARLIN.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

REFERENCE (§ 76*)—FEES OF REFEREE—STIPULATIONS.

Under Code Civ. Proc. § 3296, providing that a referee shall be entitled to $10 for each day spent in the business of reference, unless a different rate of compensation is fixed by consent of parties, a stipulation that the referee's fees shall be $10 an hour for each sitting excludes the referee's right to the statutory fee for time spent as referee when not sitting.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 112; Dec. Dig. § 76.*]

Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Jacob Morgenthaler against Thomas G. Carlin. From an order denying plaintiff's motion to retax costs, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Conrad Saxe Keyes, for appellant.
Harlan Moore, for respondent.

HIRSCHBERG, P. J. The only question in dispute is the amount of fees of the referee appointed to hear and determine the issues in the action. The papers do not disclose the nature of the action, ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cepting that it resulted in a report awarding to the plaintiff a recovery in the sum of $1,627.80. The referee's fees were taxed at the sum of $610, or at the rate of $10 per hour for 61 hours consumed at the hearings. A further charge of $460, at the rate of $10 per day for 46 days, which the referee claimed he was engaged in the work of the reference in examining testimony and in the preparation of his report, was disallowed by the county clerk, and by the Special Term on the motion for retaxation.

It is provided by section 3296 of the Code of Civil Procedure that a referee shall be entitled to $10 for each day spent in the business of the reference, unless a different rate of compensation is fixed by consent of the parties. In this case a different rate of compensation was fixed by stipulation and duly entered in the minutes, and it provided "that the referee's fees shall be $10 per hour for each sitting." The appellant's claim is that the stipulation was intended to cover the compensation of the referee for the sittings only, and that he was at liberty to charge the per diem allowance under the provisions of the Code for service rendered as referee when not sitting. In the absence of any clear indication in the stipulation to the contrary, I am inclined to the view that the stipulation should be regarded as the entire understanding or agreement of the parties, and that the referee's fees were therefore fixed at $10 per hour, measured by the number of hours of actual sittings. Had the intention been to allow in addition the statutory compensation on days when no hearings were had, such intention should have been embraced in the stipulation. As was said in Mead v. Tuckerman, 105 N. Y. 557, 560, 12 N. E. 64, 65:

"When counsel undertake to fix the rate of compensation by agreement, it is but just that their intention should be manifested in such a formal and authentic manner as to leave no doubt."

In that case the stipulation provided that the compensation of the referee should be the sum of $20 per day "for every hearing." The stipulation in that case provided that he should be paid a "corresponding rate" for the time devoted to consideration of the case after submission (Court of Appeals Cases, vol. 678, Brooklyn Law Library); but the claim was made that he was also entitled to the pay for the days which had been assigned to hearings, but where the hearings had been postponed by arrangement between the counsel prior to the day fixed. The court said (page 559 of 105 N. Y. and page 65 of 12 N. E.):

"The right to fees beyond the statutory rate depends solely upon the written stipulation. It is impossible, we think, to extend the meaning of the words 'every hearing' in the stipulation, so as to include days appointed for a hearing, but on which no hearing in fact was had, and when in advance of the time appointed the parties, by arrangement, had agreed upon a postponement, and, in pursuance thereof, had omitted to appear before the referee. It might have been proper to have provided for this contingency in the stipulation; but the stipulation is silent on the subject, and we cannot, in face of the statute, give any force to the alleged oral agreement or understanding between the counsel and the referee that the word 'hearing' should be deemed to include appointments of hearing. The word 'hearing' is un-

ambiguous, and to give effect to the oral evidence would be adding a material term to the stipulation, contrary to settled rules of evidence."

I think in this case the stipulation is to be regarded as entire, and as the fixing of a rate of compensation in the place of that provided by the Code. I think the object was to fix a rate of compensation which should be measured by the hours actually employed in the hearings, rather than, as under the Code, by the number of days spent in the business of the reference. Certainly there is nothing to indicate any clear intention to compensate the referee by both methods; nor is such intention to be deduced from a strict construction of the stipulation.

The order should be affirmed, with $10 costs and disbursements. All concur, except GAYNOR, J., who reads for reversal

GAYNOR, J. (dissenting). The Code provides that a referee shall be entitled to $10 a day "for each day spent in the business of the reference," unless "a different rate of compensation" be fixed by the consent of the parties before the trial or hearing begins. In this case the parties changed the statutory rate only in respect of sittings during the trial. They made no change in respect of the referee's fees for the days he should spend on the case after the trial was over. The stipulation was that the referee might employ a stenographer "for the purposes of the trial," such stenographer's fees to be equally divided between the parties, and "that the referee's fees shall be ten dollars per hour for each sitting." Now is not this plainly a provision for the trial only? How can we deduce from it that the referee was to have no compensation for his work after the trial was over? No such thing was said, nor is it fairly inferable. The statute gave him the right to $10 a day therefor, and it cannot be denied him unless he gave it up by assenting to the stipulation, which said no such thing, but provided for the time to be taken by the trial only. The case of Mead v. Tuckerman, 105 N. Y. 560, 12 N. E. 64, is not in point.