(69 Misc. Rep. 75.)

### BUTTERLY v. DEERING.

(Supreme Court, Special Term, Kings County. September, 1910.)

1. REFERENCE (§ 76*)—COMPENSATION—COMPENSATION OF REFEREE.

   A referee, who has made a report and been paid his fees, is entitled to compensation at the rate of $10 per day for services performed in passing on proposed amendments to a proposed case on appeal.

   [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. § 76.*]

2. REFERENCE (§ 76*)—COMPENSATION OF REFEREE.

   A referee will not be required to deliver a case on appeal as settled until he has been compensated at the legal rate.

   [Ed. Note.—For other cases, see Reference, Dec. Dig. § 76.*]

Action by James N. Butterly against James A. Deering. On motion to require referee to deliver up case as settled without further compensation. Judgment rendered.

Frank Moss (Isidor Wels, of counsel), for plaintiff.
James A. Deering (Irving Paine, of counsel), for defendant.
Joseph Fettretch, referee.

PUTNAM, J. The right of a referee who has been paid for making his report to further compensation for settling a case appears not to have before been judicially considered. The present instance is exceptional. Defendant made a proposed case, to which plaintiff submitted 1,615 amendments, out of which 1,163 had to be passed upon by the referee, in which there were repeated hearings of counsel. Of these, 126 amendments were not disposed of merely by allowance or disallowance, but, in the referee's opinion, had to be modified by him so

as fairly to represent the facts. The appellant now moves to require the referee to deliver up the case so settled without further compensation.

At the beginning of the reference a stipulation was made that "the fees of the referee in this case shall not be restricted to the regular statutory fee, but that he shall be compensated at the rate of $10 per hour." And at this rate the referee has been duly paid for his time up to the filing of his report. Three views of the matter may be taken: (1) That the settlement of a case is a duty laid on the referee for which no compensation has been provided; (2) that the stipulation at the beginning of the reference contemplated all future duties of the referee, including the settlement of a case, so that he thereby became entitled to $10 an hour; (3) that such settlement is part of the "business of the reference" for which, in the absence of any different compensation being fixed, Code, § 3296, allows $10 a day.

1. While there are many honorable duties of auditors, assessors, referees, and commissioners for which the compensation must be found in the express terms of some statute, that rule does not apply where the compensation is not to a general regular official, but to a practicing attorney acting as referee only upon special appointment. It seems unreasonable to require him to devote what in this case appears to have been nearly two weeks in a service conceded to be most important, without any equivalent. After the ordinary reference, the settlement of amendments is often a brief and agreeable duty, with a burden upon the time of the referee so light that no question of compensation is suggested.

2. The very fact that no examples of a charge by a referee for settling a case can be cited or are within the recollection of counsel leads to the conclusion that the stipulation for fees at the first day of the hearing did not contemplate all these consequences after the referee should make his report. While the case appears to have been intricate and difficult to an unusual degree, counsel could hardly have foreseen an appeal like this, in which the referee would have to pass with close scrutiny upon 1,000 amendments. When counsel by agreement fix a referee's compensation, their intentions should be manifested so as to leave no room for doubt. Mead v. Tuckerman, 105 N. Y. 557, 12 N. E. 28; Morgenthaler v. Carlin, 132 App. Div. 361, 116 N. Y. Supp. 723. It, therefore, does not seem clear that counsel bound their clients to anticipate and pay at the rate of $10 per hour for this service after judgment.

3. The Code provision covers cases which the parties have not otherwise provided for. The time engaged in settling a case is work in the business of the reference for which no different compensation had been actually fixed. In such a settlement, the referee acts judicially. If, after his report, one of the parties causes the referee to be disqualified from settling the case, the reference is vacated. Leonard v. Mulry, 93 N. Y. 392. Being business of the reference not otherwise provided for, the compensation falls under the statutory rate of $10 a day.

The referee's charge should, therefore, be based on the number of days (or the equivalent time) in which he was engaged in considering

the amendments, hearing counsel, and settling the case, and that upon payment of $10 a day for such services he should deliver his report of such settlement to the appellant's counsel. Order to be settled on three days' notice.

Ordered accordingly.