## LANDSTROTH v. J. C. TURNER CYPRESS LUMBER CO.

(Supreme Court, Special Term, New York County. January, 1914.)

REFERENCE (§ 76*)—FEES OF REFEREE—STIPULATION.

Where the parties entered into a stipulation that the referee's fees should be $10 for each day of the reference and that each day's hearing should not be less than 1½ hours, such stipulation will not preclude referee from collecting the fee for an entire day on those days where an adjournment was had and nothing was done save to adjourn.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. § 76.*]

Action by Francis D. Landstroth against the J. C. Turner Cypress Lumber Company. On motion for retaxation of plaintiff's bill of costs. Motion denied.

Bull & Kalbfleisch, of New York City (Harcourt Bull, of New York City), for the motion.

Conway & Williams, of New York City, opposed.

GIEGERICH, J. Upon this motion for a retaxation of the plaintiff's bill of costs, objection is made to the amount taxed for the referee's services. Opposition is based upon two grounds: First, that the referee should not have taken so many as 15 days for studying the case and making his report. An examination of the judgment roll and the referee's affidavit satisfies me that the charge is moderate and proper. The other ground of opposition is that no allowance should have been made for the days on which adjournments were taken. The stipulation with respect to the referee's fees was as follows:

"It is hereby stipulated that in this reference the referee's fees, as provided by statute, shall be ten dollars for each day spent in the business of reference, it being agreed, however, that each day's hearing shall not be less than one and a half hours."

Under this stipulation doubtless either side would have been entitled to insist that the hearings should be not less than 1½ hours in duration, but if, without objection, the parties were satisfied with a hearing of less than that length, or if adjournments were taken at which nothing was done save to take the adjournment, I do not think a proper construction of the stipulation would preclude the referee from receiving compensation for the days on which such short hearings or adjournments were had. The stipulation in the present case is evidently different from that in Mead v. Tuckerman, 105 N. Y. 557, 12 N. E. 64, relied upon by the attorney for the defendant. There the stipulation was that the compensation of the referee should be the sum of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$20 per day "for every hearing"; the statutory rate at that time being $6 per day. The court held in that case that the meaning of the words "every hearing" should not be extended so as to include days appointed for a hearing but on which no hearing was in fact had and when, in advance of the time appointed, the parties by arrangement had agreed upon a postponement and in pursuance thereof had omitted to appear before the referee. The decision of the court turned upon the meaning of the word "hearing." In the present case the stipulation does not limit the compensation of the referee to hearings and fix a larger per diem than the statutory rate for such hearings, but, on the contrary, it leaves the statutory rate unaffected and also the statutory provision that compensation shall be for each day spent in the business of the reference. In the present case, although the affidavits are not entirely clear on the point, it would seem that at least four of the adjournments were not definitely made until the day originally fixed for the hearing, while the other adjournments, as I understand the affidavits, were previously arrranged for. If this case were like Mead v. Tuckerman, supra, therefore it may be that the clerk erred and should have allowed only $240 instead of $250; but, as the stenographer's minutes have not been submitted and the affidavits are not wholly clear, I would not feel warranted upon the papers before me in disturbing the taxation made. The referee, who was selected by the attorneys and appointed upon their written consent, is a lawyer of experience and capacity and, as appears by his report and opinion and affidavit, gave the questions involved careful and learned consideration, and, taking the time as set forth in his affidavit, he spent in the hearing and decision of the case more than an average of an hour and a half a day for the 25 days for which he made a charge. If the intention of the parties by the stipulation they entered into was that they should receive an hour and a half of service from the referee for each $10 paid to him, I am satisfied that they received in excess of the stipulated amount of time and that such time was necessarily spent by the referee.

The motion for retaxation is denied, with $10 costs.