JAMES D. LECKY, Appellant, *v.* JAMES O. WINSTON and THOMAS S. WINSTON, Respondents.

Third Department, March 5, 1919.

Reference — stipulation as to fees — settling case on appeal — when referee not guilty of misconduct.

Where parties stipulate that a referee shall receive a *per diem* fee in excess of that allowed by the statute it is not presumed that they anticipated services which may be rendered subsequent to the entry of judgment, and, unless such intent affirmatively appears, a referee is only entitled to the statutory rate for settling a proposed case on appeal.

A referee was not guilty of alleged misconduct by intimating that he thought that he should be paid *per diem* fees under the original stipulation, and by so doing he did not disqualify himself from settling the case where he showed no acrimony toward either counsel and did not unduly persist in his contention.

APPEAL by the plaintiff, James D. Lecky, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Ulster on the 8th day of April, 1918, denying his motion to set aside the report of a referee herein and to vacate the judgment entered thereon.

*Charles Haldane,* for the appellant.

*A. T. Clearwater,* for the respondents.

COCHRANE, J.:

The ground of this motion is alleged misconduct of the referee occurring on the settlement of the proposed case on appeal. The alleged misconduct arises out of a difference of opinion between plaintiff's counsel and the referee as to the fees of the latter for his services in settling the proposed case. The referee was selected by the parties. At the beginning of the trial the following stipulation was made: " It is stipulated the Referee shall receive $40 a day and

expenses." The trial resulted in a report in favor of the defendants. When the proposed case on appeal and proposed amendments thereto were submitted to the referee for settlement he thought that the stipulation applied to his services for settling the case. The plaintiff took the position that for such services the referee was entitled to no compensation. In my opinion both were in error. The plaintiff subsequently indicated a willingness to sign a stipulation for the increased compensation provided the same was paid in the first instance by the defendants, to which latter provision the defendants objected. When the trial began it is quite improbable that the parties were stipulating with reference to an appeal. Certainly it is not clear from the stipulation that the parties were then anticipating services to be rendered subsequent to the entry of judgment, and unless such intent affirmatively appears the statutory rate should prevail. " When counsel undertake to fix the rate of compensation by agreement, it is but just that their intention should be manifested in such a formal and authentic manner as to leave no doubt." (*Mead* v. *Tuckerman,* 105 N. Y. 557, 560.) In *Butterly* v. *Deering* (69 Misc. Rep. 75) it was held that services of a referee in settling a case on appeal were not fairly within the reasonable contemplation of the parties in making a stipulation which was quite similar to the one in this case and that for such services the referee was entitled to the statutory fees to be paid by the appellant on delivery to him of the case as settled. The reasoning of the opinion in that case we approve. The referee should settle the case for the statutory fees to be paid by the appellant when the work is completed. The plaintiff contends that a situation has arisen growing out of the discussion and different views as to the referee's fees which constitutes legal misconduct on the part of the referee. We discover nothing to justify this contention unless it be the fact that the referee introduced the subject of his fees when the proposed case was submitted to him for settlement and indicated his views that the stipulation at the beginning of the trial applied to his services on such settlement. It is quite true that it was unnecessary to allude to the subject because the referee could not decline performance and either the stipulation or the Code of Civil Procedure (§ 3296)

controlled as to his compensation. But there were over 200 proposed amendments to the proposed case which required his examination and rulings. The parties manifested no disposition to lighten his labors. Subsequent events demonstrated that he correctly divined that whatever his bill might be it would be questioned by the plaintiff and he may have thought it wise to have the question settled in advance instead of a subsequent controversy. The practice was obscure and the question debatable. In ordinary employments it would be regarded commendable for a person rendering services to have the question of his compensation determined definitely in advance of the services. The conduct of a referee subsequent to his report may of course be of such a nature as to indicate a mental attitude reflecting on the integrity of his report in such a way as to require that it be set aside. Such, however, is not the case here. Nor do we think the referee has disqualified himself from settling the case on appeal. There appears to have been no acrimony on his part toward counsel. He did not unduly persist in his contention. He made known his position in the presence of both parties without argument or unnecessary discussion. The jurisdiction of the court over the conduct of referees is largely a matter of discretion. (*Leonard* v. *Mulry*, 93 N. Y. 392, 397.) That discretion certainly should be exercised with a view not only to procure absolutely just results but also to establish in the minds of litigants a belief that such results are being procured. There is no suggestion in the record before us by the plaintiff or his counsel that the referee by reason of anything which has occurred cannot impartially and fairly discharge the duties which remain for his performance nor is there anything to indicate that they harbor a belief or suspicion that they will not receive just treatment at his hands. No such claim is made. Certainly the court entertains no such suspicion. The ends of justice were best promoted by a denial of the motion.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.