FRANKLIN SAVINGS BANK IN THE CITY OF NEW YORK, Plaintiff, *v.* 108 EAST 86TH STREET CORPORATION, Defendant.

Supreme Court, Special Term, New York County, June 29, 1942.

*Maurice E. Downing,* for the receiver.

*Winthrop, Stimson, Putnam & Roberts,* for the plaintiff.

*Debevoise, Stevenson, Plimpton & Page,* for the defendant.

*Thomas I. Sheridan,* referee, *pro se.*

EDER, J. This is a motion by a receiver in foreclosure for permission to withdraw a motion heretofore made to compel the defendant to turn over to him certain moneys which he contended belonged to the defendant and were properly applicable to the turnover demand. Sharp issues of fact were involved and the matter was sent to a referee to take proof and report to the court with respect thereto.

The referee duly qualified and thereupon set a date for hearing; counsel appeared; no proof was taken but an adjournment was requested and granted. Further adjournments took place by arrangement before the adjourned day. Prior to the last adjourned

day the matter was settled. No actual hearing before the referee ever took place.

The plaintiff and receiver take the position that the referee is not entitled to any compensation under the circumstances. The referee contends that he is entitled to be compensated and requests a sum which he regards as a fair and reasonable amount. He sets forth that in advance of the issues being brought on for hearing before him he devoted time to familiarize himself with the matters involved and also with respect to the law applicable thereto and also spent time with respect to hearing the original request for an adjournment and in the granting of the subsequent postponements.

The point involved is whether, in the situation described, the referee is entitled to compensation. None of the parties concerned has seen fit to assist the court with briefs. From my examination of the statute and research of the law I am of the opinion that no compensation may be awarded to the referee under the circumstances disclosed. The matter appears to be controlled by section 1545 of the Civil Practice Act, entitled " Fees of referees generally," and reads as follows: " For each day spent in the business of a reference, the referee shall be entitled (a) in an action or special proceeding brought in a court of record to twenty-five dollars, or (b) in a special proceeding supplementary to judgment to ten dollars; unless a different rate of compensation is fixed by the court or a judge or justice thereof, or by consent of the parties, other than those in default for failure to appear or plead, manifested by an entry in the minutes of the referee, or otherwise in writing."

There is no provision authorizing an allowance to the referee for time or service spent by him in advance of the hearing for the purpose of familiarizing himself with the facts and issues and with regard to the law, and such time and service spent and devoted are rendered at the hazard that they may go uncompensated if the matter is settled before hearing. A different situation might be present if after the hearing before the referee had been concluded, he devoted time to research and to preparation of his report, but before its filing the controversy was settled, for what he had then done or was engaged in doing would be time " spent in the business of a reference " (§ 1545, *supra*).

No case has been called to my attention nor has my research revealed any holding that a charge may be made by a referee for time spent and for services rendered in advance of or preliminary to the actual hearing before him. And it is held that a referee is not entitled to any compensation where no actual hearings were held and where only adjournments took place. (*Mead* v. *Tucker-*

*man*, 105 N. Y. 557; *Matter of Miller*, 231 App. Div. 684.) Of course, the situation would be different if the parties had stipulated that adjournments should be charged for. That would, however, be because of agreement only.

No basis, therefore, exists for authorizing an award of compensation to the referee under the situation which is present here.

The motion of the receiver to withdraw the motion previously made is granted. The application of the referee for an allowance of compensation must be denied. Settle order.